# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LARRY B. COLEMAN JR., | DOCKET NUMBER |
| Appellant, | SF-1221-19-0510-W-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: July 5, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Larry B. Coleman Jr., Oxnard, California, pro se.

Julianne Surane, Port Hueneme, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant exhausted additional disclosures and to apply the correct standard for determining whether an alleged hostile work environment constitutes a personnel action, we AFFIRM the initial decision.

## BACKGROUND

¶2    At all times relevant to this appeal, the agency employed the appellant as a Supervisory Technician, NT-0856-05, at the Naval Surface Warfare Center, Port Hueneme Division, Port Hueneme, California. Initial Appeal File (IAF), Tab 49 at 11. On April 8, 2019, the appellant filed a complaint with the Office of Special Counsel (OSC), and supplemented his complaint in May 2019. IAF, Tab 6 at 48-52, Tab 7 at 4-16. In the information that he submitted to OSC, the appellant alleged that the agency placed him on administrative leave, suspended his security clearance, suspended him indefinitely, and subjected him to a hostile work environment in reprisal for disclosing wrongdoing in his December 11, 2015, March 2, 2019, and March 7, 2019 memoranda to management officials; for reporting fuel spills on April 1 and 5, 2019; and for filing a complaint with the agency's Office of Inspector General (OIG). IAF, Tab 6 at 5, 48-52, Tab 7 at 4-16. On May 29, 2019, OSC closed its inquiry into the appellant's complaint and notified him of his right to file an appeal with the Board. IAF, Tab 6 at 5.

¶3        The appellant filed a timely IRA appeal.  IAF, Tab 1.  After the close of the record on jurisdiction, the administrative judge issued an initial decision, without holding a hearing, dismissing the appeal for lack of jurisdiction.  IAF, Tab 53, Initial Decision (ID) at 1, 9.  She found that the appellant failed to make a nonfrivolous allegation that the agency had taken or threatened to take a covered personnel action against him.  ID at 5-8.  She did not consider the remaining aspects of the appellant's claim.  ID at 5.

¶4        The appellant has filed a petition for review, consisting of his prehearing submission and the agency's response thereto from his separate indefinite suspension appeal.[2]  Petition for Review (PFR) File, Tab 1.  On review, he raises no specific challenge to the initial decision from this appeal.[3]  *Id.*  The agency has filed a response to the appellant's petition for review.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        Although the appellant did not raise any specific challenges to the initial decision, we nevertheless find it necessary to supplement the administrative judge's jurisdictional findings.  The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C.

---

[2] The Western Regional Office also docketed the appellant's indefinite suspension as an adverse action appeal, *Coleman v. Department of the Navy*, MSPB Docket No. SF-0752-19-0509-I-1.

[3] The documents the appellant submits on review were not included in the record below, and the administrative judge did not consider them in reaching her decision to dismiss this appeal for lack of jurisdiction.  The issue of the Board's jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding.  *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010).  However, the appellant has not explained how these documents would affect the outcome of the appeal; therefore, we decline to consider them.  *See Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013) (considering the appellant's evidence of exhaustion submitted for the first time on review only because it implicated the Board's jurisdiction and warranted an outcome different from that of the initial decision).

§ 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).[4] *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

The appellant exhausted additional alleged protected disclosures and activity.

¶6        The administrative judge found that the appellant exhausted his claims that the agency placed him on administrative leave, suspended his security access, suspended him indefinitely, and subjected him to a hostile work environment in reprisal for disclosing a hostile work environment and harassment in his March 2, 2019, and March 7, 2019 memoranda to management officials. ID at 4-5. As the administrative judge correctly explained, ID at 4, under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust his administrative remedies with OSC before seeking corrective action from the Board in an IRA appeal, *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). The Board may consider only those disclosures of information and personnel actions that the appellant raised before OSC. *Id.* To satisfy the exhaustion requirement, an appellant must provide to OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.

¶7        In addition to the alleged personnel actions and disclosures identified by the administrative judge, ID at 4-5, the record reflects that the appellant notified OSC that he disclosed a hostile work environment in December 2015 and fuel spills on April 1 and April 5, 2019, and filed an OIG complaint, IAF, Tab 6 at 50, Tab 7

---

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, plausible on its face, and material to the legal issues in the appeal. *Id.* Whether allegations are nonfrivolous is determined based on the written record. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 6 (2016).

at 5-6, 11-12. Thus, we find that the appellant exhausted his OSC remedy regarding these alleged protected disclosures and activity.[5]

The appellant did not nonfrivolously allege a covered personnel action.

¶8 In finding that the appellant did not nonfrivolously allege a covered personnel action, the administrative judge determined that the Board was precluded from reviewing the agency's security clearance determination and also from considering the remaining alleged personnel actions because they were inextricably intertwined with that determination. ID at 5-8. She nevertheless proceeded to analyze the appellant's hostile work environment claim and found that he did not allege a hostile work environment rising to the level of a personnel action. ID at 8.

¶9 The parties do not challenge the administrative judge's finding that the Board cannot review the suspension of the appellant's security clearance, his indefinite suspension, and his placement on administrative leave. ID at 5-8; IAF, Tab 49 at 11-37. We discern no basis to disturb those findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

---

[5] The appellant submitted a substantial amount of evidence to the record below. IAF, Tabs 6-48. Therein, he also alleged that he was not selected for positions and several supervisors threatened to remove him as the Contracting Officer Representative and from his position. IAF, Tab 6 at 69-71, Tab 43 at 6-7. A nonselection, threatened removal, and significant change in duties are personnel actions. 5 U.S.C. § 2302(a)(2) (A)(i), (ix), (xii). He also alleged that he made additional disclosures to management. *See, e.g.*, IAF, Tab 29 at 5, 11-12. However, other than his OSC complaint and correspondence with the agency, IAF, Tab 6 at 48-52, Tab 7 at 4-16, there is no indication that he submitted these documents to OSC or otherwise raised these allegations with OSC. *See Mason*, 116 M.S.P.R. 135, ¶ 8; *Schmittling v. Department of the Army*, 92 M.S.P.R. 572, ¶ 26 (2002) (stating that, in general, an appellant has not exhausted his remedy with OSC when he did not raise before OSC the personnel action he is appealing to the Board). Accordingly, the appellant has not proven that he exhausted those additional claims, and we do not consider them.

¶10     As to the appellant's hostile work environment allegations, the administrative judge did not identify any incidents underlying this claim. ID at 7-8. We do so here, focusing on those occurring after his earliest alleged disclosures on December 11, 2015. ID at 5-8. In summary, the appellant asserted that his former first-level supervisor criticized his performance, "blamed" him for the problems in his department, "scolded" him about his work on several contracts, accused him of lying in his December 2015 memorandum to management, advertised vacancies with duties similar to his, and failed to change his position series to one consistent with his actual duties; that his current first-level supervisor undermined his supervisory authority and, on March 6, 2019, sent him "threatening communications," entered his office in an "aggressive" and "threatening manner" and "threw an object" at him while he was at his desk; and that his second-level supervisor criticized his performance and relied on hostility and favoritism to manage the department. IAF, Tab 6 at 15-17, 18-24, 54, 69-71, 92-94, Tab 9 at 4-20, Tab 43 at 6-7, Tab 44 at 58-61. These incidents do not appear to be intertwined with the agency's security clearance determination. Thus, to the extent that the administrative judge found that the Board was precluded from reviewing these claims as an alleged personnel action, we disagree.

¶11     As to her finding that the appellant did not nonfrivolously allege a hostile work environment rising to the level of a personnel action, the administrative judge did not set forth the standard she applied for analyzing this claim or the reasoning behind her finding. Although we agree with the outcome, we modify the initial decision to include this necessary analysis.

¶12     The Board has found that the creation of a hostile work environment may constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii) to the extent that it represents a significant change in duties, responsibilities, or working conditions. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16. To meet this standard, an agency's actions must, individually or collectively, have

practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities. *Id.* In determining whether a hostile work environment is present, the Board will consider the totality of the circumstances, including agency actions that may not individually rise to the level of a personnel action. *Id.*, ¶ 18.

¶13 Upon review of the record, we find that the appellant failed to make nonfrivolous allegations that, individually or collectively, amounted to a significant change in his working conditions. *See* 5 U.S.C. § 2302(a)(2)(A)(xii); *see also Skarada*, 2022 MSPB 17, ¶¶ 15-16. Even if true, the criticisms the appellant received were work-related and do not appear significant enough to meet this standard. *See Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15 (2011) (explaining that an employee is not guaranteed a working environment free of stress); *cf. Skarada*, 2022 MSPB 17, ¶ 18 (finding that the appellant nonfrivolously alleged a significant change in working conditions when he alleged, among other things, that his supervisors falsely accused him of violating Federal law, subjected him to multiple investigations, yelled at him on several occasions, and denied him the guidance and support necessary to successfully perform his duties). The incidents described also do not appear to be of the severity, either individually or collectively, that the Board has found to constitute a hostile work environment. *See Covarrubias v. Social Security Administration*, 113 M.S.P.R. 583, ¶¶ 8, 15 n.4 (2010) (finding that the appellant nonfrivolously alleged a significant change in working conditions when she alleged that her supervisors harassed her about personal telephone calls, closely monitored her whereabouts, followed her to the bathroom, and denied her an accommodation for her spina bifida, which required her to self-catheterize), *overruled on other grounds by Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12, n.5 (2014). His other allegations of threats and hostility from his supervisors are too vague to determine what practical effect their actions had on the appellant's working conditions. *See, e.g.*, *Zimmerman v. Department of Housing and Urban*

*Development*, 61 M.S.P.R. 75, 79-80 (1994) (finding that allegations of "continuing reprisal" and "threats" were too vague to constitute personnel actions).

¶14      Accordingly, we agree with the administrative judge that the appellant did not nonfrivolously allege that he experienced at least one personnel action. We therefore agree with her decision not to consider the remaining elements of the appellant's reprisal claim and affirm the initial decision as modified.

### NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.